# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISIO ANTONIO AREVALO DELGADILLO,<br><br>               Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR.,<br><br>               Respondent. | 1:09-cv-01745-LJO-BAK-GSA HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF RIPENESS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

      Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petition alleges that Petitioner's continued detention violates his substantive and procedural due process rights under the Fifth Amendment to the U.S. Constitution and is a violation of Respondent's statutory authority. (Doc. 1, p. 4).

**FACTUAL SUMMARY**

      Petitioner is a native of Nicaragua and is currently being detained at the Kern County Jail in Bakersfield, California. (Doc. 1, pp. 2-3). On June 4, 2009, an Immigration Judge ordered Petitioner removed from the United States. (Doc. 1, p. 2). Petitioner alleges that on this same

1

date, June 4, 2009, the Board of Immigration Appeals denied his appeal of the removal order. (Id.). Petitioner is now subject to a final order of removal. (Id.). Petitioner entered ICE custody on June 4, 2009, and has been detained continuously by ICE since that date. (Doc. 1, p. 3).

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.[1] However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, Petitioner alleges that his mandatory and indefinite detention by ICE is in violation of the Fifth Amendment of the U.S. Constitution and in violation of Respondent's statutory authority. This issue was addressed by the United States Supreme Court in Zadvydas v. Davis, 121 S.Ct. 2491 (2001).

In Zadvydas, the Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

authority.² Id. at 2491. In addition, the Court held that the Immigration and Nationality Act's ("INA") post-removal-period detention statute does not permit indefinite detention, but instead "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." Id at 2498. When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the moment of removal." Id. at 2504. In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," ICE's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration."³ Id.

The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*. Id. at 2505 (italics added). The burden is on the alien to show that there is no reasonable likelihood of repatriation. Id. ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

After six months, and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. However, where an alien seeks release prior to the expiration of the presumptive six-month period, his claims are unripe for federal review. See Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148- 49, 87 S.Ct. 1507 (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has

---

²The Supreme Court analyzed the constitutionality of the period of post-removal-*detention*, not the period of post-removal. See Zadvydas, 121 S.Ct. at 2504.

³The Ninth Circuit's decision in Ma v. Reno, 208 F.3d 815, 818 (9th Cir. 2000), cert. granted, 121 S.Ct. 297, consolidated with Zadvydas v. Underdown, 185 F.3d 279 (5th Cir. 1999), cert. granted, 2000 WL 38879, was vacated by the U.S. Supreme Court as resting solely on the "'absence' of an 'extant or pending' repatriation agreement without giving due weight to the likelihood of successful future negotiations." Zadvydas v. Davis,121 S.Ct. 2491 (2001).

been formalized and its effects felt in a concrete way by the challenging parties.").

Here, Petitioner has been in ICE custody continuously following a final order of removal since June 4, 2009. Thus, Petitioner's current detention is still within the six month "presumptively reasonable period of detention." Id. Petitioner alleges that he has "received no indication that [Nicaragua] will acquiesce to repatriation in the reasonably foreseeable future," and that "[a]s a result of that country's recalcitrance," ICE has "been unable to obtain travel documents for Petitioner and is unable to effectuate Petitioner's removal from the United States in the reasonably foreseeable future." (Doc. 1, p. 3).

Petitioner unsubstantiated allegations alone, however, are insufficient to overcome the presumption of reasonableness of the six month period; thus, Petitioner's claims of constitutional violations are not ripe for review at this time. Should Petitioner's detention continue past the six month presumptive period, he may re-file the instant federal action and obtain review. At that time, however, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 121 S.Ct. at 2505.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED WITHOUT PREJUDICE as the claims raised are not ripe for federal review.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **twenty (20)** days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the

4

Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 5, 2009**              /s/ **Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE